IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MATILDA FAYE YOUNG and )
DARRELL WATKINS, )
 )
    Plaintiffs, )
 )
    v. )    1:05CV00416
 )
U.S. DEPARTMENT OF AGRICULTURE, )
ROCKINGHAM COUNTY FSA REVIEW )
COMMITTEE, RANDOLPH COUNTY FSA )
REVIEW COMMITTEE, NEIL BURNETTE,)
JAMES POWELL, RICHARD CANOY, )
RICHARD WHITAKER, WANDA RUSSELL,)
 )
    Defendants. )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiffs Matilda Faye Young and Darrell Watkins filed this action against various defendants, including the United States Department of Agriculture, the Rockingham County FSA Review Committee, the Randolph County FSA Review Committee, Neil Burnette, James Powell, Richard Canoy, Richard Whitaker, and Wanda Russell. Plaintiffs challenge a decision made by Defendants and seek judicial review as provided by § 365 of the Agricultural Adjustment Act of 1938 (the "Act"), 7 U.S.C. § 1365. This matter is before the court on Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).

**I.    BACKGROUND**

Plaintiffs are farmers who live and operate a farm in Rockingham County, North Carolina.  Defendants Neil Burnette and James Powell are members of Defendant Rockingham County FSA Review Committee.  Defendants Richard Canoy, Richard Whitaker, and Wanda Russell are members of Defendant Randolph County FSA Review Committee.  The committees are subsidiaries of the Farm Service Agency, a unit of Defendant United States Department of Agriculture.

On March 7, 2005, the Rockingham County FSA Review Committee and the Randolph County Review Committee issued a determination that resulted in a charge to Plaintiffs of $13,864.  Plaintiffs were notified of the determination by certified mail, sent on March 17, 2005.  They initiated this challenge to the determination in Rockingham County Superior Court on April 4, 2005.  The action was commenced according to North Carolina Rule of Civil Procedure 3 by filing an application for an extension of time in which to serve a complaint.  The case was removed to federal court in May 2005.

**II.  ANALYSIS**

Defendants filed their motion to dismiss to advance the affirmative defense that Plaintiffs failed to comply with the statute of limitations for their claim.  The court will first discuss whether a motion under Federal Rule 12 is the appropriate context in which to decide the question and will then move to the merits of the challenge.

2

Defendants filed this motion under Rule 12(b)(6).[1]  A 12(b)(6) motion tests the legal sufficiency of the pleadings but does not seek to resolve disputes surrounding the facts or the applicability of defenses.  See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  Rule 12 provides that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."

Here, Defendants both seek to establish a defense and to offer matters outside the pleadings.  They have filed with their motion an affidavit establishing the date on which notice of the challenged determination was sent to Plaintiffs by certified mail.  Establishing this date is essential to Defendants' claim that the complaint was not timely.  Thus, a 12(b)(6) motion is not appropriate for this matter, and, if the court is to rule on the motion, it must convert it to a motion for summary judgment.

This type of conversion would not be appropriate if it would prevent Plaintiffs from having the opportunity to fully develop their case.  See, e.g., Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(overruling a grant of summary judgment after a conversion because the evidence was insufficient to justify a decision at that stage of the case).  Although Plaintiffs have had an opportunity to respond to the motion, they have not had

---

[1] Defendants also filed their motion under Rule 12(b)(1), which challenges the subject matter jurisdiction of the court. The court will not proceed under this provision because statute-of-limitations defenses are generally not jurisdictional.  Erline Co. S.A. v. Johnson, 440 F.3d 648, 654 n.8 (4th Cir. 2006).

3

the opportunity to take discovery.  Nonetheless, as discussed below, their argument against the motion does not raise a factual dispute.  They do not challenge the facts as presented by Defendants but present an argument that calls for a conclusion on the law.  For this reason, the court concludes that Plaintiffs are not prejudiced by the conversion of the motion, and it will be treated as a motion for summary judgment.

Summary judgment is appropriate when an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).  Summary judgment should be granted unless a reasonable jury could return a verdict in favor of the nonmovant on the evidence presented. <u>McLean v. Patten Cmtys., Inc.</u>, 332 F.3d 714, 719 (4th Cir. 2003).

Plaintiffs filed this action under 7 U.S.C. § 1365, which provides for judicial review of a determination made by an agricultural review committee under the Act.  Such an action must be instituted "within fifteen days after a notice of such determination is mailed to [the farmer] by registered mail or certified mail."  <u>Id.</u>  Failure to commence an action within the fifteen-day period results in the dismissal of the complaint. <u>Monohan v. Huey</u>, 337 F. Supp. 278, 279 (E.D. Ky. 1971); <u>Lautares v. Smith</u>, 308 F. Supp. 656, 657-62 (E.D.N.C. 1969).

4

In this case, notice of the determination was sent to Plaintiffs by certified mail on March 17, 2005. The fifteen-day period expired on April 1, 2005. No action was taken by Plaintiffs until April 4, 2005. Thus, Plaintiffs' action was not filed within the statutory period.

Plaintiffs do not dispute the time line but argue that their action was timely because they received an extension of time to file the complaint under Rule 3 of the North Carolina Rules of Civil Procedure. Rule 3 provides for two methods by which a plaintiff may commence an action. See N.C. Gen. Stat. § 1A-1, Rule 3(a). The first method is to file a complaint. Id. The second is to request and receive permission from the court to file a complaint within twenty days; under this method, the action is commenced when a summons is issued. Id. A plaintiff proceeding according to the second method must receive the summons before the statutory limitations period expires in order for the action to be timely. Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 660 (M.D.N.C. 2003).

Plaintiffs sought and received a twenty-day extension on April 4. Their complaint was filed within twenty days, in compliance with Rule 3. Despite this, the action is untimely because the summons was issued by the court after the statutory period. Rule 3 provides a method for initiating an action without filing a complaint. Although it postpones the time before which a complaint must be filed, it does not postpone the time before which the action must be initiated. Plaintiffs'

5

action was initiated three days after the statutory deadline. Because there is no dispute of fact regarding when the action was initiated, summary judgment is appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be treated as a motion for summary judgment and will be granted. A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 21st day of June 2006.

/s/ William L. Osteen
United States District Judge